Matthew T. Sinnott (SBN 229468)
msinnott@martensonlaw.com
Danielle J. Vukovich (SBN 323283)
dvukovich@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
5800 Armada Drive, Suite 101
Carlsbad, California 92008
T: (760) 683-8499
F: (442) 244-0821

Attorneys for Defendants
SLEEPMED INCORPORATED, SLEEPMED OF CALIFORNIA INCORPORATED; AND BIOSERENITY USA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SANDRA BUSTAMANTE,<br><br>      Plaintiff,<br><br>  v.<br><br>SLEEPMED INCORPORATED; SLEEPMED OF CALIFORNIA INCORPORATED; BIOSERENITY USA, INC.; and DOES 1 through 100 inclusive,<br><br>      Defendants. | CIVIL ACTION NO._____<br><br>**DEFENDANTS SLEEPMED INCORPORATED, SLEEPMED OF CALIFORNIA INCORPORATED; AND BIOSERENITY USA, INC.'S NOTICE OF REMOVAL** |

# NOTICE OF REMOVAL

COME NOW Defendants SleepMed Incorporated, SleepMed of California Incorporated; and BioSerenity USA, Inc., by and through their undersigned counsel, and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of the above-styled action, originally filed in the Superior Court for the State of California in the County of Los Angeles. In support of removal, Defendants provide the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## NATURE OF THE ACTION

1. On March 25, 2022, Plaintiff Sandra Bustamante ("Plaintiff") commenced a civil action in the Superior Court of the State of California, in the County of Los Angeles, styled *Sandra Bustamante v. BioSerenity USA, Inc., et al.*, Case No. 22STCV10375 (the "State Court Action"). A true and correct copy of Plaintiff's Complaint ("Complaint") is attached hereto as **Exhibit A**. True and correct copies of other pleadings, process, and orders filed in the State Court Action are attached hereto as **Exhibit B**. A true and correct copy of the docket sheet in the State Court Action is attached hereto as **Exhibit C**.

2. The Complaint purports to plead state law claims for disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA") and California's Family Rights Act ("CFRA"), wrongful termination, intentional infliction of emotional distress, and violations of California's labor code. (*See* Exhibit A at ¶¶ 13–63.) Plaintiff seeks damages in the form of past and future lost earnings, interest, special damages, a statutory penalty of $10,000, attorneys' fees, and costs. (*See id*.)

## REMOVAL UNDER DIVERSITY JURISDICTION

3. Removal of this case is proper under 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action because there is complete diversity of

citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.   Diversity of Citizenship.**

4.   A district court determines diversity jurisdiction "at the time of the filing of the complaint." *Co-Efficient Energy Systems v. CSL Industries*, 812 F.2d 556, 557 (9th Cir. 1987).

5.   Plaintiff avers that she resides in the County of Los Angeles in the State of California. (*See* Exhibit A at ¶ 1.) On information and belief, both at the time of the Complaint and at the time of filing this Notice, Plaintiff was a citizen of the State of California.

6.   Defendant SleepMed Incorporated and Defendant BioSerenity USA, Inc. are not separate entities—they are the same entity. On or about September 13, 2019, BioSerenity SAS acquired 100% of SleepMed Incorporated and all of its subsidiaries, including Defendant SleepMed of California Incorporated. (*See* "Declaration of Janice K. Shock" at ¶ 5, a true and correct copy of which is attached hereto as **Exhibit D**.) On or about July 14, 2021, SleepMed Incorporated changed its name to BioSerenity USA, Inc. ("BioSerenity").[1] (*See id.* at ¶ 6.)

7.   BioSerenity is, and always has been, a corporation organized under the laws of the State of Delaware. (*See id.* at ¶ 3.) BioSerenity's principal office address is located at 3330 Cumberland Blvd, Suite 800, Atlanta, GA 30339. (*See id.* at ¶ 4.) Accordingly, BioSerenity is a citizen of the State of Delaware and Georgia. *See Co-Efficient Energy Systems*, 812 F.2d at 557 (citing 28 U.S.C. § 1332(c)).

8.   Defendant SleepMed of California Incorporated ("SleepMed—California") should not be considered in the Court's diversity analysis because it was fraudulently joined. "In evaluating whether complete diversity exists, district

---

[1] The term "BioSerenity" hereinafter refers to both BioSerenity and the entity formerly known as SleepMed Incorporated.

2
DEFENDANTS' NOTICE OF REMOVAL

courts may disregard the citizenship of a fraudulently joined non-diverse defendant." *Johnson v. Starbucks Corporation*, 475 F. Supp. 3d 1080, 1084 (C.D. Cal. 2020). Fraudulent joinder may be "established . . . if a defendant shows that an individual[] joined in the action cannot be liable on any theory." *Grancare v. Thrower by and through Mills*, 889 F. 3d 543, 548 (9th Cir. 2018) (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A defendant may make this showing by "present[ing] extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id.*; *see e.g., United Comput. Sys. Inc. v. AT&T Corp.*, 811 F.2d 1336, 1339 (9th Cir. 2002) (finding fraudulent joinder where non-diverse party was not a party to the contract on which plaintiff's claims were predicated). To assess the sufficiency of a defendant's showing, the court may "pierc[e] the pleadings and consider[] summary judgment-type evidence such as affidavits[.]" *Morris v. Princess Cruises*, 236 F.3d 1061, 1068 (9th Cir. 2001) (alterations added) (internal quotations omitted) (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

9. Plaintiff could not possibly prevail on her claims against SleepMed—California because this entity was not her employer. "FEHA . . . prohibits only an *employer* from engaging in improper discrimination." *Reno v. Baird*, 957 P.2d 1333, 1335 (Cal. 1998) (internal quotations omitted) (emphasis added); *Leek v. Cooper*, 194 Cal. App. 4th 399, 405 (2011) (same as to the CFRA). An employer "includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly[.]" Cal. Gov. Code § 12926(d). This notwithstanding, "statutes provide only a nominal definition of employer" and of the factors to be considered in determining whether an employment relationship actually exists, a "defendant's right to control the means and manner of the workers' performance is the most important." *Vernon v. State of California*, 116 Cal. App. 4th 114, 124–26 (2004) (discussing various factors to be

3
DEFENDANTS' NOTICE OF REMOVAL

considered, including payment of salary; ownership of equipment necessary to perform the job; authority to hire, transfer, promote, discipline or discharge, etc.); *see also Henderson v. Equilon Enterprises*, 40 Cal. App. 5th 1111, 1117 (2019) (also describing "right of control" as the "principal test of [a common law] employment relationship") (alteration in original).

10. Plaintiff alleges in conclusory fashion, and on information and belief, that SleepMed—California (along with each other corporate defendant) employed her. (*See* Exhibit A at ¶¶ 3, 7.)[2] SleepMed—California never employed Plaintiff, directly or indirectly. (*See* Exhibit D at ¶ 7.) BioSerenity hired Plaintiff in 2014. (*See id.* at ¶ 8.) At all times relevant to this action, BioSerenity employed Plaintiff directly. (*See id.* at ¶ 9.) SleepMed—California never paid Plaintiff a wage. (*See id.* at ¶ 11.) At all times relevant to this action, BioSerenity paid Plaintiff her wages. (*See id.* at ¶ 12.)[3] SleepMed—California never exercised control over Plaintiff's wages, hours, or working conditions. (*See id.* at ¶ 14.) BioSerenity exercised exclusive control over Plaintiff's wages, hours, and working conditions. (*See id.* at ¶ 15.) SleepMed—California does not have any employees whatsoever. (*See id.* at ¶ 16.) SleepMed—California does not act as BioSerenity's agent in an employment-related capacity. (*See id.* at ¶ 17.) SleepMed—California exists merely as a contracting party with insurance payors in the State of California. (*See id*.) For these reasons, SleepMed—California was not Plaintiff's employer under FEHA or the CFRA,[4] or at common law. Accordingly, SleepMed—California cannot be liable to Plaintiff under any legal theory alleged in the Complaint, and no amendment to the

---

[2] It appears—though it is not certain—that when SleepMed—California is alleged to have acted unlawfully elsewhere in the Complaint, Plaintiff employs the generalized and collective term "Defendants." (*See e.g.,* Exhibit A at ¶¶ 10, 18, 20, 21–25, 31–37, 41–45, 50–55, 57–63.). The Court has stated that this "group pleading" (as it is called) "is arguably impermissible under Rule 8, given the Supreme Court's opinion in *Aschroft v. Iqbal*, 556 U.S. 661 (2009)." *In re A-Power Energy Generation Systems Ltd. Securities Litigation*, No. MDL 11-2302-GW, 2012 WL 1983341, at *12 (C.D. Cal. May 31, 2012). That is, *Iqbal*'s required plausibility inference cannot be drawn unless the complaint "allege[s][] facts linking each defendant to the grounds on which *that particular defendant* is potentially liable." *Id.* (emphasis added) (quoting *Redondo Waste Sys. v. Lopez-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011)).
[3] Plaintiff's W-2s continued to reference SleepMed Incorporated, even after the name change, because despite the timely filing of a name change with the IRS, this name change has not been officially processed. (*See* Exhibit D at ¶ 10)
[4] The CFRA is a part of FEHA. *See Faust v. California Portland Cement Co.*, 150 Cal App. 4th 864, 869 (2007).

Complaint would alter this conclusion. It then follows that fraudulently joined SleepMed—California's California citizenship must be disregarded. *Johnson*, 475 F. Supp. 3d at 1084.

11. The citizenship of each Doe defendant is also disregarded for purposes of the diversity analysis. The statute governing removal of civil actions states expressly that "when jurisdiction is based solely on diversity, the citizenship of defendants sued under fictitious names shall be disregarded." *Garcia v. Walmart*, No. 2:22-c-v00371-SVW-MRW, 2022 WL 796197, at *2 (C.D. Cal. Mar. 16, 2022) (quoting 28 U.S.C. § 1441(b)(1)).

12. In sum, there is complete diversity in this case because Plaintiff is a citizen of the State of California and the only Defendant to be considered as part of the diversity analysis, BioSerenity (f/k/a SleepMed Incorporated), is a citizen of the State of Delaware and Georgia.

**B.     Amount in Controversy.**

13. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. "When, as in this case, the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Sandstrom v. Protective Life Insurance*, No. CV-13-1002-JFW, 2013 WL 12123308, at *2 (C.D. Cal. Mar. 14, 2013) (alteration in original). Plaintiff seeks back wages, future lost wages, interest, damages for emotional distress, a $10,000 statutory penalty,[5] and attorneys' fees. (*See* Exhibit A at ¶¶ 13–63.). While these descriptors alone may be inconclusive as to whether the amount in controversy requirement is met, a preponderance of the evidence shows it has been. In 2020, BioSerenity paid Plaintiff $20,513.76. (*See* Exhibit D at ¶ 13.) At the time of Plaintiff's alleged departure from BioSerenity on May 17, 2021,[6] she had already been paid $7,477.07.

---

[5] (*See* Exhibit A at ¶ 46.)
[6] (*See id.* at ¶ 31.)

(*See* Exhibit D at ¶ 13.) The average of Plaintiff's 2020 wages and her annualized 2021 wages (*i.e.,* $19,920.66) is $20,217.21 Accordingly, Plaintiff's potential back wages at the time of her Complaint (*i.e.*, remainder of 2021 plus the first quarter of 2022) approximate $ 18,000.00. It is reasonable to deduce, infer, or otherwise extrapolate that the foregoing amount (which continues to accrue), plus future lost wages for a period of years, damages sought for emotional distress, the expressly alleged $10,000 statutory penalty, and Plaintiff's attorneys' fees, altogether, exceed $75,000.00, exclusive of interest and costs. *See Ibarra v. Manheim Investments,* 775 F.3d 1193, 1197 (9th Cir. 2015) (CAFA action quoting *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754, 771–72 (11th Cir. 2010) (explaining that such forms of reasoning, when supported by evidence, do not constitute "conjecture, speculation, or star gazing")).

## REMOVAL IS PROCEDURALLY PROPER

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The 30-day period to remove a matter begins once the defendant has been formally served. *Quantum Systems Integrators v. Merek*, No. SACV 10-02230, 2010 WL 115959849, at *2 (C.D. Cal. 2010) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). When and whether a defendant has been formally served is a question of state law. *See Quantum Systems Integrators,* 2010 WL 115959849 at *2 (analyzing Cal. Civ. P. Code §§ 415.10 and 415.30). Under California state law, "service by mail is deemed complete on the date a written acknowledgement of receipt of summons is executed." *Id*. (quoting Cal. Civ. P. Code § 415.30(c)). Each Defendant executed its written acknowledgement of receipt of summons on May 3, 2022. (*See* Exhibit B at pp. 18–22.) Accordingly, the instant Notice of Removal filed on June 2, 2022 is timely.

15. The United States District Court for the Central District of California encompasses the place where the State Court Action was originally filed. *See* 28 U.S.C. § 1446(a).

16. Pursuant to 28 U.S.C. § 1446(a), documents filed in the State Court Action, a copy of the docket sheet in the State Court Action, and copies of all process and pleadings in the State Court Action are attached to this Notice of Removal as **Exhibits A, B, and C**.

17. Defendants will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff pursuant to 28 U.S.C. § 1446(a) and (d). Attached hereto as **Exhibit E** is a copy of the Notice of Filing Notice of Removal, excluding exhibits.

18. Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

19. It is not required that SleepMed—California or the Doe defendants' consent to the removal of this action under 28 U.S.C. § 1446(b)(2)(A). *Olson v. Wells Fargo Bank, N.A.*, 961 F. Supp. 2d 1149, 1150 n.1 (C.D. Cal. 2013) (quoting *AGI Pub. V. HR Staffing*, 2012 WL 3260519, *2 (E.D. Cal. 2012) ("Nominal, unknown, or fraudulently joined defendants are exempt from the general rule, and do not need to consent to a removal.")).

## NON-WAIVER OF DEFENSES

20. By filing this Notice of Removal, Defendants do not waive any defenses available to them. Defendants do not admit, and in fact specifically deny, that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages or any other relief sought in the Complaint.

## REQUEST FOR ADDITIONAL
## ARGUMENTS AND EVIDENCE IF NEEDED

21. As the party requesting removal, Defendants' instant Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short

7
DEFENDANTS' NOTICE OF REMOVAL

and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. Defendants have satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by *additional* sworn statements or other summary-judgment-type evidence. *See Morris*, 236 F.3d at 1068.

22. In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Defendants reserve all rights to submit such *additional* argument and/or evidence in support of removal as may be necessary or appropriate, including *additional* competent evidence as to the amount in controversy or diversity of citizenship.

## CONCLUSION

23. In conclusion, this Court has diversity jurisdiction over this action because: (i) SleepMed of California Incorporated was fraudulently joined and complete diversity exists between Plaintiff and BioSerenity USA, Inc. (f/k/a SleepMed Incorporated); and (ii) the amount in controversy exceeds $75,000.

WHEREFORE, on the grounds stated above, this action is removed to and should proceed in the United States District Court for the Central District of California.

Dated: June 2, 2022      MARTENSON, HASBROUCK & SIMON LLP

　　　/s/ Matthew T. Sinnott
Matthew T. Sinnott
Danielle J. Vukovich
*Attorneys for Defendants*
SLEEPMED INCORPORATED, SLEEPMED OF CALIFORNIA INCORPORATED; AND BIOSERENITY USA, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on June 2, 2022, a true copy of this document was served by email and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Karl Gerber
Ann Guleser
The Employment Lawyer's Group
13418 Ventura Blvd.
Sherman Oaks, CA 91423
Tel: (818) 783-7300
Fax: (818) 995-7159
kgerber@emplaw.net
aguleser@emplaw.net
Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

*Jenna Campos*
Jenna Campos