# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/25/2022 11:09 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams Deputy Clerk

Case 2:22-cv-03795-SB-JEM   Document 1-1   Filed 06/02/22   Page 2 of 28   Page ID #:12

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

EMPLOYMENT LAWYERS GROUP
KARL GERBER, SBN: 166003
ANN GULESER, SBN: 210790
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone:  818 783 7300
Facsimile:  818 995 7159

Attorneys for Plaintiff
SANDRA BUSTAMANTE

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDRA BUSTAMANTE, an individual<br><br>        Plaintiffs,<br><br>    vs.<br><br>SLEEPMED INCORPORATED; SLEEPMED OF CALIFORNIA INCORPORATED; BIOSERENITY USA INC.; and DOES 1 through 100 inclusive,<br><br>        Defendant. | CASE NO.: 22STCV10375<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:**<br>1. **DISCRIMINATION BASED ON DISABILITY (GOVERNMENT CODE SECTION 12900 ET. SEQ);**<br>2. **VIOLATION OF GOVERNMENT CODE SECTION 12945.2 CALIFORNIA FAMILY RIGHTS ACT ("CFRA");**<br>3. **VIOLATION OF LABOR CODE SECTION 1102.5;**<br>4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>5. **INTENTIONAL INFLICTION OF EMOTION DISTRESS.** |

Plaintiff, SANDRA BUSTAMANTE complains and alleges as follows:

\\

\\

\\

## GENERAL ALLEGATIONS

### (AGAINST ALL NAMED DEFENDANTS)

1.      Plaintiff, SANDRA BUSTAMANTE ("Plaintiff"), is a female resident of the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes that at all times herein mentioned, Defendant, SLEEPMED INC. ("SLEEPMED") is and was a corporation employing Plaintiff and at least 5 more people within a 75-mile radius at 959 E. Walnut St. Ste 150, Pasadena, CA 91106.

3.      Plaintiff is informed and believes that at all times herein mentioned, Defendant, SLEEPMED OF CALIFORNIA INCORPORATED ("SLEEPMED OF CALIFORNIA") is and was a corporation employing Plaintiff and at least 5 more people within a 75-mile radius at 959 E. Walnut St. Ste 150, Pasadena, CA 91106.

4.      Plaintiff is informed and believes that at all times herein mentioned, Defendant, BIOSERENITY USA INC. ("BIOSERENITY") is and was a corporation employing Plaintiff and at least 5 more people within a 75-mile radius at 959 E. Walnut St. Ste 150, Pasadena, CA 91106.

5.      Plaintiff is ignorant of the true names and capacities thereto whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names.  Plaintiff is informed and believes that each of the DOE Defendant reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

6.      Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the remaining co Defendant, in doing the things hereinafter alleged, were acting within the course, scope, and

COMPLAINT

under the authority of their agency, employment, or representative capacity, with the consent of her/his co Defendant.

7.      Plaintiff worked for SLEEPMED, SLEEPMED OF CALIFORNIA and BIOSERENITY from July 2015 to May 2021. In 2020 and 2021, Plaintiff was working as a patient care coordinator.

8.      Plaintiff has a physical disability of rheumatoid arthritis which is an inflammatory and autoimmune disease and which limits Plaintiff's major life activities such as working and socializing, and is therefore a physical disability under California Government Code Section 12926. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) states that "Physical disability" includes, but is not limited to, having any physiological disease, disorder, condition, or anatomical loss that affects body's immunological system and limits a major life activity. Working is a major life activity. Plaintiff's arthritis was diagnosed in about 2019. Plaintiff has to undergo Chemotherapy in order to control her disability which weakens her immune system and makes her susceptible to COVID 19. Defendant was aware of Plaintiff's disability and the treatment Plaintiff had to undergo.

9.      On June 24, 2020, Plaintiff's physician prescribed her to work from home due to her disability making her more susceptible to COVID 19. Plaintiff worked from home from September 2020 to March 12, 2021.

10.     In March 2021, Defendants did not allow Plaintiff to continue working from home and Plaintiff was placed on CFRA leave from March 15, 2021 to May 14, 2021. On or about May 17, 2021, Defendants refused to accommodate Plaintiff's disability by allowing her to work from home and terminated her employment. Plaintiff was fired in retaliation for being disabled, needing special accommodations of working from home due to COVID 19.

11.     Plaintiff was fired in retaliation for being disabled and needing special accommodations, taking CFRA leave as an accommodation, and needing to take disability leave and/or special

accommodations of working remotely during the COVID 19 pandemic. Plaintiff was told by her physician that she could work outside of her house in about September 2021.

12.     All of the foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.

### FIRST CAUSE OF ACTION
### DISCRIMINATION AND RETALIATION BASED ON DISABILITY
### IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12900 ET. SEQ.
### (AGAINST DEFENDANT SLEEPMED, SLEEPMED OF CALIFORNIA AND
### BIOSERENITY ALL DOE DEFENDANTS)

13.     Plaintiff realleges the information set forth in Paragraphs 1-12 of the General Allegations, and by this reference hereby incorporates these paragraphs into this cause of action as if they were fully alleged herein.

14.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On March 17, 2022, Plaintiff filed charges of disability discrimination and failure to accommodate disability, failure to engage in an interactive dialog, and retaliation for having a disability and needing a disability leave and special accommodations against Defendant SLEEPMED a true and correct copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On March 17, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

15.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On March 17, 2022, Plaintiff filed charges of disability discrimination and failure to accommodate disability, failure to engage in an interactive dialog, and retaliation for having a disability and needing a disability leave and special accommodations against Defendant SLEEPMED OF CALIFORNIA a true and correct copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On March 17, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

16.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On March 17, 2022, Plaintiff filed charges of disability discrimination and failure to accommodate disability, failure to engage in an interactive dialog, and retaliation for having a disability and needing a disability leave and special accommodations against Defendant BIOSERENITY a true and correct copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On March 17, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

17.     Plaintiff has a physical disability of rheumatoid arthritis which is an inflammatory and autoimmune disease and which limits Plaintiff's major life activities such as working and socializing, and is therefore a physical disability under California Government Code Section 12926. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) states that "Physical disability" includes, but is not limited to, having any physiological disease, disorder, condition, or anatomical loss that affects body's immunological system and limits a major life activity. Working is a major life activity. Plaintiff's arthritis was diagnosed in about 2019. Plaintiff has to undergo Chemotherapy in order to control her disability which weakens her immune system and

makes her susceptible to COVID 19. Defendant was aware of Plaintiff's disability and the treatment Plaintiff had to undergo.

18.     On June 24, 2020, Plaintiff's physician prescribed her to work from home due to her disability making her more susceptible to COVID 19. Plaintiff worked from home from September 2020 to March 12, 2021. In March 2021, Defendants did not allow Plaintiff to continue working from home and Plaintiff was placed on CFRA leave from March 15, 2021 to May 14, 2021. On or about May 17, 2021, Defendants failed to engage in interactive process, refused to accommodate Plaintiff's disability by allowing her to work from home and terminated her employment. Plaintiff was fired in discrimination and retaliation for being disabled, needing special accommodations of working from home due to COVID 19 pandemic.

19.     This cause of action is based upon:

    a.   California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

    b.   Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

    c.   California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

    d.   California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

    e.   California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f. California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's neurological system, musculoskeletal system, or cardiovascular system;

h. California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

i. California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

j. California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

k. California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965.

20. Plaintiff alleges that the code sections enumerated above were violated because Defendants terminated Plaintiff in discrimination for her disability and in retaliation for taking a

disability leave in violation of the California Government Code Sections 12940(a) and 12940 (h). Defendants violated Government Code Sections 12940 et seq. by intentionally and maliciously terminating Plaintiff even though she applied to take a protected leave generally violating Government Code Sections 12940 et seq.  Plaintiff alleges that Defendants' blatant disregard for the laws enumerated in the above paragraph allows Plaintiff to recover punitive damages in an amount to be determined at trial.

21.     At all times relevant herein, Plaintiff performed her duties as an employee of defendant in a competent, successful, and professional manner. Plaintiff is informed, believes, and thereon alleges that Plaintiff was not fired for any reason related to her work performance. Plaintiff alleges her termination was based upon her physical disability and need for special accommodations. Plaintiff alleges that despite her physical disability, she could still perform the essential functions of her job with Defendants, with special accommodations.

22.     As a direct, foreseeable, and proximate result of the conduct of said Defendants, the Plaintiff has suffered, and continues to suffer severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, being without a source of income and medical insurance during her employment all to her damage in a sum within the jurisdiction of this court, to be ascertain according to proof. Plaintiff also prays for all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

23.     Defendants acted in a grossly reckless, and/or intentional, malicious, and bad faith manner when they willfully violated the statutes enumerated in this cause of action and retaliated against the Plaintiff for refusing to comply with their willful violations of the above referenced statutes and terminating the Plaintiff in violation of the law.

24.     The Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is

sufficiently high enough to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

25.     The Plaintiff also prays for reasonable costs and attorney fees and costs against said Defendants named in this cause of action, as allowed by California Government Code Section 12965 for the Plaintiff's prosecution of this action in reference to the time the Plaintiff's attorneys spend pursuing this cause of action.

**SECOND CAUSE OF ACTION**

**VIOLATION OF GOVERNMENT CODE SECTION 12945.2**

**CALIFORNIA FAMILY RIGHTS ACT ("CFRA")**

**(AGAINST DEFENDANT SLEEPMED, SLEEPMED OF CALIFORNIA AND BIOSERENITY ALL DOE DEFENDANTS)**

26.     Plaintiff realleges the information set forth in Paragraphs 1-12 of the General Allegations, Paragraphs 13-25 of the First Cause of Action and hereby incorporates these paragraphs as though fully set forth and alleged herein.

27.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On March 17, 2022, Plaintiff filed charges for violation of the CFRA, failure to reinstate, and retaliation charge against SLEEPMED, a true and correct copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On March 17, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

28.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On March 17, 2022, Plaintiff filed charges for violation of the CFRA, failure to reinstate, and retaliation charge against SLEEPMED OF CALIFORNIA, a true and correct

copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On March 17, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

29.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On March 17, 2022, Plaintiff filed charges for violation of the CFRA, failure to reinstate, and retaliation charge against BIOSERENITY, a true and correct copy of which has been attached hereto, made a part hereof, and marked as Exhibit 1.  On March 17, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

30.     This cause of action is based upon the violation of the California Government Code Section 12945.2, California Family Rights Act ("CFRA"), which states it shall be an unlawful employment practice for any employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave as long as the employer employs 5 or more employees within 75 mile radius of Plaintiff's employment. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. California Government Code Section 12945.2 (k) (1) states it shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of an individual's exercise of the right to family care and medical leave. California Government Code Section 12945.2(q) sates it shall be an unlawful employment practice for an

employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section.

31.      Plaintiff has a physical serious health condition of rheumatoid arthritis which is an inflammatory and autoimmune disease and undergoes chemotherapy in order to control her condition which weakens her immune system and makes her susceptible to COVID 19. Plaintiff's physician prescribed her to work from home due to her condition during COVID 19. Defendants placed Plaintiff on CFRA leave from March 15, 2021 to May 14, 2021. On or about May 17, 2021, Defendants refused to reinstate Plaintiff and terminated her in retaliation for exercising her rights under CFRA and taking leave of absence under CFRA for which she qualified.

32.      Plaintiff believes she was fired in retaliation for taking leave for a serious health condition under CFRA. Plaintiff alleges that had she not suffered from a serious health condition of rheumatoid arthritis and not needed chemotherapy which weakened her immune system she would not have been terminated. Plaintiff was not reinstated after she returned from her CFRA leave. She was terminated. Plaintiff's taking CFRA leave was a substantial motivating factor in Defendant's reason to terminate Plaintiff.

33.      As a direct, foreseeable, and proximate result of the actions of said Defendants, as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

34.      As a further direct and proximate result of said Defendants' unlawful discrimination and failures under this act, Plaintiff has suffered, and continues to suffer, extreme and severe anguish,

humiliation, emotional distress and mental suffering, in a sum within the jurisdiction of this court, to be ascertain according to proof.

35.    Defendants acted in a grossly reckless, and/or intentional, malicious, and bad faith manner when they willfully violated the statutes enumerated in this cause of action and retaliated against Plaintiff for refusing to comply with their willful violations of the above referenced statutes and terminating Plaintiff in violation of the law.

36.    Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder that is sufficiently high enough to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

37.    Plaintiff also prays for reasonable costs and attorney fees and costs against said Defendants named in this cause of action, as allowed by California Government Code Section 12965 for Plaintiff's prosecution of this action in reference to the time Plaintiff's attorneys spend pursuing this cause of action.

**THIRD CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE SECTIONS 1102.5(b) AND (c)**

**(AGAINST DEFENDANT SLEEPMED, SLEEPMED OF CALIFORNIA AND**

**BIOSERENITY ALL DOE DEFENDANTS)**

38.    Plaintiff realleges the information set forth in Paragraphs 1-12 of the General Allegations, Paragraphs 13-25 of the First Cause of Action, Paragraphs 26-37 of the Second Cause of Action and hereby incorporates these paragraphs as though fully set forth and alleged herein.

39.    This cause of action is under the Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with

authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.  Plaintiff alleges that she was terminated in retaliation for being disabled, asserting her right to special accommodation, taking CFRA leave to deal with her serious health condition as alleged in Paragraphs 8-11, the First and the Second Causes of Action in violation of California Labor Code Section 1102.5(b).

40.    This cause of action is under the Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute. Plaintiff alleges that she was terminated in retaliation for being disabled, asserting her right to special accommodation, taking CFRA leave to deal with her serious health condition as alleged in Paragraphs 8-11, the First and the Second Causes of Action in violation of California Labor Code Section 1102.5(c).

41.    Plaintiff is informed, believes, and based thereon, alleges that said Defendants terminated her employment in violation of the Labor Code Sections 1102.5(b), and 1102.5(c) in retaliation for being disabled, asserting her right to special accommodation, taking CFRA leave to deal with her serious health condition as alleged in Paragraphs 8-11, the First and the Second Causes of Action, which violate the following public policies:

      a.   California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

      b.   Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

c.   California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

d.   California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

e.   California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f.   California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g.   California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's neurological system, musculoskeletal system, or cardiovascular system;

h.   California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

i.   California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

j.   California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide

Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

k.  California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965;

l.  California Government Code Section 12945.2 et sec, California Family Rights Act ("CFRA"), which states it shall be an unlawful employment practice for any employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave as long as the employer employs 50 or more employees within 75 mile radius of Plaintiff's employment. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave;

m.  California Government Code Section 12945.2(q) which sates it shall be an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section;

n.  California Government Code Section 12945.2 (k) (1) states it shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of an individual's exercise of the right to family care and medical leave;

o.  California Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer

believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties;

p. California Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute;

q. All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff, and firing Plaintiff.

42.     Said Defendants' actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

43.     As a direct, foreseeable, and proximate result of the conduct of Defendants, named in this cause of action, Plaintiff has suffered, and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, being without a source of income and benefits all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.  Plaintiff also prays for all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

44.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants engaged in those acts as described in this cause of action by willfully violating the statutes enumerated in this cause of action and retaliating against Plaintiff by terminating Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

45.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants described above were done with oppression and malice by Plaintiff's supervisor and managers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  These unlawful acts were ratified by those other individuals who were managing agents of said Defendant employers.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

46.     Plaintiff prays for the $10,000 civil penalty that Labor Code Section 1102.5(e) imposes, as well as all other remedies available under Labor Code Section 1102.5 against each Defendant. Plaintiff prays for all recoverable penalties, including the up to $10,000 penalty allowed under Labor Code § 1102.5(f) and its enhanced burden of proof.

47.     Plaintiff prays for attorney fees for pursuing this cause of action per Labor Code §1102.5(j).

\\
\\
\\
\\
\\
\\

**FOURTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(AGAINST DEFENDANT SLEEPMED, SLEEPMED OF CALIFORNIA AND**

**BIOSERENITY ALL DOE DEFENDANTS)**

48.     Plaintiff realleges the information set forth in Paragraphs 1-12 of the General Allegations, Paragraphs 13-25 of the First Cause of Action, Paragraphs 26-37 of the Second Cause of Action, Paragraphs 38-47 of the Third Cause of Action, and hereby incorporates these paragraphs as though fully set forth and alleged herein.

49.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional, statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

50.     Plaintiff is informed, believes, and based thereon, alleges that said Defendants terminated her employment in retaliation for being disabled, asserting her right to special accommodation, taking CFRA leave to deal with her serious health condition as alleged in Paragraphs 8-11, the First, the Second, and the Third Causes of Action. Defendant's conduct described in the above sentence violates the following statutes that effect society at large:

  a.   California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

b. Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

c. California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

d. California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

e. California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f. California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's neurological system, musculoskeletal system, or cardiovascular system;

h. California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

i. California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

j.   California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

k.   California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965;

l.   California Government Code Section 12945.2 et sec, California Family Rights Act ("CFRA"), which states it shall be an unlawful employment practice for any employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave as long as the employer employs 50 or more employees within 75 mile radius of Plaintiff's employment. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave;

m.   California Government Code Section 12945.2(q) which sates it shall be an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section;

n.   California Government Code Section 12945.2 (k) (1) states it shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine,

suspend, expel, or discriminate against, any individual because of an individual's exercise of the right to family care and medical leave;

o. California Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties;

p. California Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute;

q. All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff, and firing Plaintiff.

51.   Plaintiff alleges that said Defendants, and all DOE Defendants, violated articulable public policies, affecting society at large, by violating the statutes as described in the above Paragraph, when said Defendants terminated and retaliated against Plaintiff in violation of public policy by terminating Plaintiff for the reasons stated in the above paragraph.

52.   Specifically, Plaintiff alleges that said Defendants' violations of the above referred statutes affect society at large because they affect the health and safety of workers.

53.   As a direct, foreseeable, and proximate result of the actions of said Defendants, and each of their acts as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other

employment benefits she would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

54.     The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendants conducted itself as described in this cause of action by willfully violating those statutes enumerated in Paragraph 30, Plaintiff prays for punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

55.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of the Defendants employers. These unlawful acts were further ratified by the Defendants employer and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT SLEEPMED, SLEEPMED OF CALIFORNIA AND BIOSERENITY ALL DOE DEFENDANTS)

56.     Plaintiff realleges the information set forth in Paragraphs 1-12 of the General Allegations, Paragraphs 13-25 of the First Cause of Action, Paragraphs 26-37 of the Second Cause of Action,

Paragraphs 38-47 of the Third Cause of Action, Paragraphs 48-55 of the Fourth Cause of Action above and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

57.     Defendants acted intentionally and/or recklessly and subjected Plaintiff to severe emotional distress by doing the outrageous acts alleged to have been done by said Defendants throughout this complaint by terminating Plaintiff's employment in violation of public policy as the first four causes of action indicate.

58.     Defendants terminated Plaintiff in violation of public policy, FEHA, and CFRA, by retaliating against and discriminating against her by terminating her because she had a disability and needed special accommodations to work. Plaintiff's disability, and serious health condition of rheumatoid arthritis, necessitated her to work from home during COVID 19 which was not granted.

59.     Defendants terminated Plaintiff in retaliation for being disabled, having a serious medical condition, asserting her right to special accommodation of remote work, and taking a CFRA leave as alleged in Paragraphs 8-11, the First through the Fourth Causes of Action

60.     In doing the acts herein alleged that form the First through the Fourth Causes of Action, Defendants acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to Plaintiff. Specifically, it was outrageous to:

a.  Terminate Plaintiff in discrimination and retaliation for having the disability;

b.  Terminate Plaintiff in discrimination and retaliation for needing special accommodations;

c.  Terminate Plaintiff in retaliation for taking CFRA leave;

d.  Failing to reinstate Plaintiff after CFRA leave.

61.     Defendants' actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and

depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

62.     As a direct, foreseeable, and proximate result of said Defendants' actions, and each of their actions alleged in this cause of action, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendants' actions, and each of their actions, not caused her such emotional suffering and grief, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

63.     As a direct, foreseeable, and proximate result of said Defendants' actions, and each of their actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against said Defendants in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendants, deter future conduct by said Defendants and others behaving like them, and to make an example of said Defendants.

WHEREFORE, Plaintiff prays for the following relief, to be determined by a jury as follows:

For All Causes of Action:

1.     For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.     For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for her loss of past and future earnings, and all damages flowing from Plaintiff's loss of earnings,

loss of job security, failure to properly advance within her career, and damage to her reputation;

3. For all costs and disbursements incurred in this suit;

4. For such other and further relief as the Court deems just and proper;

5. For all interest as allowed by law;

6. For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for any medical expenses and suffering;

For the First Cause of Action:

7. For reasonable attorney's fees and costs, as allowed by law under Section 12965 of the California Fair Employment and Housing Act, for the time that Plaintiff's attorney spends pursuing this cause of action, and for costs;

8. For all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203;

For the Second Cause of Action:

9. For reasonable attorney's fees and costs, as allowed by law under California Government Code Section 12945 et sec. California Family Rights Act, for the time that Plaintiff's attorney spends pursuing this cause of action, and for costs;

10. For all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203;

For the Third Cause of Action:

9. Penalty of $10,000.00 under California Labor Code Section 1103 for violating California Labor Code section 1102.5;

10.     Attorney fees for pursuing this Cause of Action under California Labor Code Section 1102.5(j).


Dated: March 23, 2022                                  EMPLOYMENT LAWYERS GROUP

                                                By: _____
                                                      Karl Gerber
                                                      Ann Guleser
                                                      ATTORNEYS FOR PLAINTIFF,
                                                      SANDRA BUSTAMANTE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28